<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| MICHAEL BROWN, *pro se*, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 03-1520 (GEB) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DEVON BROWN, *et al.,* | : | |
| | : | |
| Defendants. | : | |

---

This matter comes before the Court upon *pro se* Plaintiff's motion and Defendants' cross-motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The Court decided the motions based on the parties' submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiff's motion is denied and Defendants' cross-motion is granted.


I.      **BACKGROUND**

At the time relevant to Plaintiff Michael Brown's ("Plaintiff") Complaint, Plaintiff was incarcerated in New Jersey State Prison ("NJSP"). Plaintiff filed suit on April 14, 2003 against Defendants Devon Brown ("Brown"), Commissioner of the New Jersey Department of Corrections, Roy L. Hendricks ("Hendricks"), former Administrator of New Jersey State Prison ("NJSP"), Donald Mee ("Mee"), Assistant Superintendent of NJSP, Senior Correction Officer Fynan ("Fynan"), Senior Correction Officer Bowman ("Bowman"), Senior Correction Officer Christian ("Christian"), and Senior Correction Officer Jones ("Jones") (collectively referred to as "State Defendants"). Plaintiff

also asserted claims against Nurse John Doe and Doctor John Doe of the Correction Medical Services ("CMS") at NJSP, as well as Doctor Deendyal and his assistant Shammagadas of Saint Francis Medical Center ("SFMC").[1]  Plaintiff was granted *in forma pauperis* status pursuant to 28 U.S.C.A. § 1915.  Plaintiff filed an application for appointment of pro bono counsel, which was subsequently denied on July 16, 2003.

Plaintiff alleged numerous violations of his constitutional rights under 42 U.S.C. § 1983.  On July 9, 2003, this Court dismissed several of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A).[2]  The remaining claims before the Court are Eighth Amendment failure to protect claims against Defendants Fynan and Bowman in their individual capacities, Eighth Amendment medical care claims against Defendants Hendricks, Mee, Christian, and Jones, in their individual capacities, and state-law negligence claims against Defendants Brown, Hendricks, Mee, Christian, and Jones in their individual capacities.

This action arises from an incident that occurred on August 2, 2002 and the related events that followed.  Defendants Fynan and Bowman were assigned as the housing unit officers that day.  (Bowman Aff., ¶ 3, Fynan Aff., ¶ 3).  Fynan, who was stationed in the control booth, allowed Plaintiff and approximately ten other inmates to leave their cell.  Fynan stepped into the bathroom

---

[1]  To date, it appears that Defendants Nurse John Doe and Doctor John Doe have not been properly served.  Pursuant to Federal Rule of Civil Procedure 4(m), all claims against these Defendants will be dismissed without prejudice thirty days from the date of the accompanying Order, unless Plaintiff shows good cause in writing why these defendants have not been served.

[2]  This Court dismissed the following claims: 1) all claims against Deendyal and Shammagadas without prejudice; 2) all Eighth Amendment claims against Brown without prejudice; 3) all damages claims against all Defendants in their official capacities with prejudice; and 4) all state law negligence claims against Fynan and Bowman with prejudice.  (Order of July 9, 2003 at 1-2).

located within the control booth.  While Fynan was in the bathroom, an altercation transpired between Plaintiff and another inmate who was armed with a sharp weapon.  (Defs.' Statement of Undisputed Material Facts ("Defs.' Statement") at ¶ 2).  During this time, Bowman was on his lunch break and therefore was not present to witness the incident.  (Bowman Aff., ¶ 4).  Plaintiff sustained injuries as a result of the altercation.  Specifically, a portion of Plaintiff's left earlobe was severed, and Plaintiff had multiple lacerations on his neck and back.

Fynan heard a commotion while he was inside the bathroom.  (Fynan Aff., ¶ 3).  When he returned to the control booth, Fynan directed the inmates to return to their cells.  Bowman subsequently returned from his lunch break.  The wing representative informed Fynan that an altercation occurred and that Plaintiff sustained injuries.  When Fynan asked Plaintiff about his injuries, Plaintiff told him that he fell in order to avoid being placed into administrative protective custody.  Plaintiff was then taken to the medical clinic at NJSP for evaluation.  Fynan subsequently informed the Special Investigations Division Investigator, Nancy Zook ("Zook"), about the altercation and the inmates who were injured.  An investigation commenced.  Plaintiff likewise informed Zook that he was injured as a result of a fall.  (Defs.' Statement at ¶ 7).

Plaintiff was treated at the medical clinic for his multiple lacerations.  His wounds were cleaned and covered in gauze.  (Riehm Aff., Ex. A).  Plaintiff was then transported to SFMC for further treatment.  At SFMC, Plaintiff was treated for his wounds, and received sutures on his ear, neck and back.  The medical staff informed him that his severed earlobe was not viable, and thus could not be reattached.  (*Id.*).  The medical records indicate that the sutures were to be removed in eight days.  SFMC advised the medical clinic at NJSP of Plaintiff's condition.  Doctor John Doe scheduled a follow-up examination on August 5, 2002, and an appointment on August 9, 2002 for

removal of the sutures.  (*Id.*).  By August 18, 2002, the sutures had not been removed.  Plaintiff alleges that he filled out numerous remedy forms requesting removal of the sutures.  (Pl.'s Dep. Tr. at 34-36).  Plaintiff asserts that he sent a letter to the Ombudsman, as well as three remedy forms and a letter to Defendant Mee, requesting medical treatment.  (*Id.* at 36-37, Compl. ¶68).  Plaintiff's sutures were ultimately removed at the medical clinic on September 24, 2002.  (Defs.' Statement, ¶ 12).

## II.   DISCUSSION

### A.   Motion and Cross-Motion for Summary Judgment

#### 1.   Standard of Review

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d C ir. 1996); *Healy v. New York Life Ins. Co.*, 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), *cert. denied*, 490 U.S. 1098 (1989); *Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor).  In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236

(3d Cir. 1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).

Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED. R. CIV. P. 56(e). The rule does not increase or decrease a party's ultimate burden of proof on a claim. Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 255-56.

Under the rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains. *See Celotex,* 477 U.S. at 324. Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," *id.* at 322, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Anderson*, 477 U.S. at 247-48 ("By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion . . . the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original).

5

What the non-moving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex*, 477 U.S. at 324; *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); *Anderson*, 477 U.S. at 249; *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) ("To raise a genuine issue of material fact . . . the [non- moving party] need not match, item for item, each piece of evidence proffered by the movant" but rather must exceed the 'mere scintilla' threshold.), *cert. denied*, 507 U.S. 912 (1993).

## **2.      Plaintiff's Eighth Amendment Claims**

An inmate's constitutional claim for medical mistreatment may rise to the level of cruel and unusual punishment in violation the Eighth Amendment if there is an imposition of "unnecessary and wanton infliction of pain contrary to contemporary standards of decency."  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Helling v. McKinney*, 509 U.S. 25, 32 (1993)).  In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners" constitutes such action.  429 U.S. 97, 104 (1976).  To succeed on a deliberate indifference claim, the plaintiff must satisfy a two-part test: (1) that prison officials acted with deliberate indifference to the prisoner's medical needs and (2) the medical needs were serious.  *See Rouse*, 182 F.3d at 197; *see also Miller v. Hoffman*, Civ. No. 97-7987, 1999 WL 415397, at *4 (E.D. Pa. June 22, 1999) (citing *West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978)).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment

or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (citing *Pace v. Fauver*, 479 F. Supp. 456, 458 (D.N.J. 1979), *aff'd*, 649 F.2d 860 (3d Cir. 1981)). In addition, "[t]he seriousness of an inmate's medical need may also be determined by reference to the effect of denying the particular treatment"; for example, the suffering of a "life-long handicap or permanent loss." *Id*. at 347.

In the present case, Plaintiff asserts that Defendants Hendricks, Mee, Christian, and Jones violated his Eighth Amendment rights by denying access to medical care. Plaintiff also claims that Defendants Fynan and Bowman deprived him of his constitutional rights by failing to provide protection. However, Plaintiff fails to satisfy the two-part test required to succeed on an Eighth Amendment claim. Although Plaintiff may have arguably demonstrated a serious medical need, Plaintiff fails to show that Defendants responded to Plaintiff with deliberate indifference.

### i.      Plaintiff's Medical Care Claims

First, Plaintiff contends that Defendants Hendricks and Mee were deliberately indifferent by failing to respond to his requests for medical treatment. (Doherty Aff, Ex. A at 35-37). In *Durmer v. O'Carroll*, 991 F.2d 64 (3d cir. 1993), the Third Circuit addressed the issue of whether a prison administrator acts with deliberately indifference if he fails to respond to a prisoner's medical complaints. In that case, the sole allegation asserted by the plaintiff against the two prison administrator defendants was that they failed to respond to the plaintiff's letters. The court articulated that "[n]either of these defendants, however, is a physician, and neither can be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of

a prisoner who was already being treated by a prison doctor." *Id.* at 69.  This principal applies here since Plaintiff was already under the care of the prison doctor, and was in the process of receiving medical treatment.  Accordingly, because Plaintiff fails to show that a genuine issue of material fact exists with respect to the Eighth Amendment claims asserted against Defendants Hendricks and Mee, summary judgment is granted in their favor.

Second, Plaintiff asserts that Defendants Christian and Jones denied him access to medical care on August 9, 2001 by failing to notify him that his name was on the travel log for the removal of his sutures.  As a preliminary matter, there is no evidence in the record establishing that these Defendants were responsible for notifying prisoners who appeared on the travel log on that day.  More importantly, assuming *arguendo* that these Defendants were responsible for notifying or transporting Plaintiff to the medical clinic, Plaintiff fails to proffer any evidence demonstrating that Christian and Jones acted with deliberate indifference by not doing so.  Instead, Plaintiff relies on his unsupported and conclusory allegation that Defendants' failure to inform him violated his constitutional right to access to medical care.  This is clearly insufficient to establish an Eighth Amendment violation.  Without providing any support for such allegations, the Court must grant summary judgment in favor of Defendants Christian and Jones.

ii.     **Plaintiff's Failure to Protect Claims**

Plaintiff further asserts that Defendants Fynan and Bowman violated his constitutional rights by failing to protect him.  It is well-settled that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation omitted).  "A prison official's 'deliberate indifference' to a substantial risk of serious harm

to an inmate violates the Eighth Amendment." *Id.* at 828.   The Supreme Court clarified the mental state required to show an official's deliberate indifference in *Farmer v. Brennan*, 511 U.S. 825 (1994).   The Court held that an official shows deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw the inference." *Id.* at 837.   The Court clarified that it is not deliberate indifference if an official fails to alleviate a significant threat that he should have identified, but failed to do so.   *Id.* at 838.

Here, Plaintiff contends that Defendants Fynan and Bowman failed to provide protection while the inmates were unlocked from their cells.   Specifically, Plaintiff argues that he was attacked by another inmate because both Fynan and Bowman left their posts while they were on duty.   Plaintiff  also asserts that Defendants failed to sound an alarm which may have discontinued the assault or alerted officials.   However, Defendants' lack of supervision alone does not constitute a deprivation of Plaintiff's constitutional right.   Plaintiff fails to provide any evidence that Fynan and Bowman harbored the requisite subjective intent that amounts to deliberate indifference.   Plaintiff merely asserts that at least one of the officials should have been present while inmates were unlocked from their cells.   Plaintiff does not identify any facts from which Defendants could have drawn the inference that a substantial harm existed.   More importantly, Plaintiff fails to demonstrate that Defendants Fynan and Bowman actually drew such an inference.   Thus, Plaintiff's claims that Fynan and Bowman failed to protect him in violation of the Eighth Amendment must fail.

Additionally, Plaintiff's argument that Fynan and Bowman's failure to sound an alarm amounts to a constitutional violation must likewise be rejected.   After the assault ended, it is undisputed that Plaintiff informed Fynan that he simply fell in order to avoid being taken into

administrative protective custody.  Plaintiff's failure to inform Fynan of the true extent of his injuries belies any assertion that Fynan acted with deliberate indifference by not sounding the alarm. Moreover, despite the falsity of Plaintiff's statements, Plaintiff was immediately taken to the medical clinic for treatment.

Accordingly, the Court concludes that there are no genuine issues of material fact as to whether Fynan and Bowman violated Plaintiff's constitutional rights based on their lack of supervision and failure to sound the alarm.  Clearly these grounds do not amount to deliberate indifference.  Consequently, the Court grants summary judgment in favor of these Defendants.[3]

### iii.      Plaintiff's State-law Negligence Claims

Plaintiff's remaining state law negligence claims are based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).  In its discretion, a district court may decline to exercise supplemental jurisdiction over state claims arising under § 1367(a) if the court "dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Stehney v. Perry*, 101 F.3d 925, 939 (3d Cir. 1996) (holding that the district court did not abuse its discretion in dismissing remaining state law claims after it dismissed all federal claims); 13B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3567.1 (2d ed. Supp. 2004).  Based on this Court's conclusion that Plaintiff's federal claims must be dismissed as a matter of law, the Court declines to exercise supplemental jurisdiction over the remaining state-law negligence claims.  Accordingly, these claims

---

[3]  State Defendants have also moved for summary judgment on Plaintiff's claim for punitive damages.  Because this Court concludes that Plaintiff's claims fail as a matter of law, summary granted is granted as to this issue.

are dismissed without prejudice.[4]


**III.    CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 is denied.  The Court grants summary judgment with respect to Plaintiff's claims of Eighth Amendment violations against the State Defendants.  Additionally, the Court dismisses without prejudice the remaining state-law negligence claims.  An appropriate form of Order accompanies this Memorandum Opinion.


Dated: May 27, 2005




　　　s/ Garrett E. Brown, Jr.　　　　　
GARRETT E. BROWN, JR., U.S.D.J.

---

[4] In dismissing state law claims that are based on supplemental jurisdiction, the district court should consider whether the dismissal would "be unfair to the litigants or result in waste of judicial resources."  *Stehney*, 101 F.3d at 939.  At first glance, it appears that Plaintiff will be prejudiced because his negligence claims may be barred by the statute of limitations.  However, 28 U.S.C. § 1367(d) cures this defect.  This section provides that "[t]he period of limitations for any claim asserted under [§ 1367(a)] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."  28 U.S.C. § 1367(d); *see also Hedges v. Musco*, 204 F.3d 109, 123-24 (3d Cir. 2000) (concluding that the plaintiff's state claims were not time barred in light of 28 U.S.C. § 1367(d)).  Therefore, this Court's dismissal of the state law negligence claims is not unfair to Plaintiff since he will have an opportunity to file his claims in state court if he so chooses.